IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO A.B.P., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, GOLDEN STATE ANNEX, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-02855-MWJS <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 220-880-128 |

### <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Leandro A.B.P.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an application for temporary restraining order (the "TRO application"), Dkt. No. 3.

He entered the United States without inspection on December 18, 2021. Dkt. No. 1, at pg. 5. After initially being detained, he was released on his own recognizance on December 24, 2021, and placed into removal proceedings. *Id.* at pg. 6. Before his release, he agreed to a number of restrictive conditions: to report to any hearings and interviews the Department of Homeland Security (DHS) or Executive Office for Immigration Review saw fit to schedule; to surrender for removal if an order of removal

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

were ever entered against him; to get written permission before changing his address; to assist DHS in securing travel documents; and not to violate any local, state, or federal laws or ordinances.  *See* Dkt. No. 1-1, at pg. 2.

The record contains no suggestion that Petitioner ever violated a single of these conditions.  Yet on March 4, 2026, Petitioner was arrested and detained by immigration authorities.  Dkt. No. 1, at pg. 6.  Petitioner was given no notice or process before his arrest.  *Id.*  And he has been given none in the nearly two months since.  At no point have immigration authorities pointed to any changed circumstances or offered any individualized basis for Petitioner's arrest and detention.  *Id.*  Nor have they ever asserted that—despite his more than four years of compliance with strict release conditions—Petitioner has somehow become a danger to the community or a flight risk. *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights.  *Id.* at pgs. 9–10.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g., Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see also Robles-Rodriguez v. Lyons*, No. 1:25-CV-02001, 2026 WL 303482 (E.D. Cal. Feb. 4,

2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that distinguish it from the decisions cited above."  Dkt. No. 5.  The court appreciates Respondents' timely and candid opposition. Dkt. No. 9.  Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above.  Dkt. No. 9.  Respondents state that their Opposition also serves as their response to the petition, and they do not request a hearing.  *Id.* at pg. 1.[2]

---

[2]    Respondents do, however, ask the court to hold this matter in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), Dkt. No. 9, at pg. 9, which presents the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  Those are not the factual circumstances presented here.  The record reflects that the government initially detained Petitioner in 2021, then released him on his own recognizance under § 1226(a) after implicitly determining that he did not pose a flight risk or a danger; when they arrested and detained him in 2026, they purported to do so under § 1225(b) even though they had previously released him under § 1226(a).  Given the factual differences between this case and *Rodriguez*, and the nature of the relief Petitioner seeks, the court declines to hold this case in abeyance pending the resolution of the *Rodriguez* appeal.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count 1, for the reasons stated in those prior orders. Because it is unnecessary to resolve the other count in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Leandro A.B.P. (A# 220-880-128) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Given the foregoing, Petitioner's motion for temporary restraining order, Dkt. No. 3, is DENIED as moot.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  April 21, 2026, at Honolulu, Hawai'i.



_____
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-02855-MWJS; *Leandro A.B.P. v. Warden, Golden State Annex*, et al.;
ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS